UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL F. DESCOTEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 08-CV-144-P-S |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

Before the Court is Defendant's Motion for Partial Dismissal (Docket # 5), which seeks dismissal of a portion of Plaintiff's Complaint based on Federal Rule 12(b)(1) and an alleged failure by Plaintiff to adequately comply with the requirements of 28 U.S.C. § 2675(a). Having carefully reviewed the parties' submissions in connection with the Motion, the Court DENIES the Motion.

**I. FACTUAL BACKGROUND[1]**

Plaintiff Paul Descoteau had a prostate biopsy at the Togus VA Medical Center on February 7, 2003. By letter dated April 14, 2006, he was notified that the device used to perform the biopsy "may not have been satisfactorily sterilized or disinfected." (Pl. Ex. 1 (Docket # 7-2).) As a result, the VA offered Descoteau the opportunity to return to the VA to be tested for hepatitis B, hepatitis C and human immunodeficiency virus (HIV). It took Descoteau approximately a week to have the blood test scheduled. Even after the tests were performed,

---

[1] When a defendant moves to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir.1991); Lord v. Casco Bay Weekly, Inc., 789 F.Supp. 32, 33 (D.Me.1992). Both parties may rely on extra-pleading materials. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 at 213 (2d ed.1990). The facts are laid out in accordance with this standard.

Descoteau was not given the results until he received counseling, which took an additional three weeks to schedule. He ultimately learned his test results were negative.

Descoteau filed a "Notice of Claim Pursuant to Title 28 U.S.C. 2671 et seq.," which was received by VA Togus on October 10, 2006. His notice recounted the facts and circumstances laid out above and then indicated that "this incident resulted in emotional distress" from the time he received the letter "until that point in time when [he] was advised that [he] did not have any of those infections." (Pl. Ex 1.) In a letter dated October 11, 2005 [sic], VA Togus acknowledged the receipt of Descoteau's claim. (Def. Ex. 2 (Docket # 5-2).) In a letter dated November 8, 2006, VA Togus notified Descoteau's attorney that Descoteau's "claim has been denied because we found that there was no negligence in the treatment provided." (Def. Ex. 5 (Docket # 5-2).) Through his attorney, Descoteau sought reconsideration of the denial on April 18, 2007, which was then denied by letter dated February 7, 2008 (See Def. Exs. 6 & 7 (Docket # 5-2).) Descoteau then filed his Complaint with this Court on May 9, 2008.

## II. DISCUSSION

Plaintiff's Complaint states a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. It is a jurisdictional prerequisite to bringing an FTCA claim that the Plaintiff have filed a notice of claim with the appropriate federal agency and that this administrative claim has been denied. See 28 U.S.C. § 2675(a). The First Circuit has noted that "the burden of preparing this [notice] is minimal. . . . The claimant need only indicate on the [notice] '(1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought.'" Skwira v. United States, 344 F.3d 64, 70 (1st Cir. 2003) (quoting Santiago-Ramirez v. Sec'y of Dep't of Defense, 984 F.2d 16, 19 (1st Cir.1993)). The Skwira decision in relevant part relied upon the First Circuit's earlier holding in Santiago-Ramirez v. Sec'y of Dep't

2

of Defense, 984 F.2d 16 (1st Cir.1993), which held that the FTCA notice requirement should be construed "leniently" keeping in mind "the original purpose . . . of allowing the efficient investigation of a claim by the agency." Id. at 19.

In the pending Motion, Defendant argues that Plaintiff's FTCA claim should be limited to emotional distress incurred as a result of the allegedly negligent VA Togus testing process in 2006 and exclude any claim based on alleged negligent sterilization of equipment in 2003. Defendant asserts that Descoteau's notice of claim did not adequately allege that the VA was negligent in 2003. In the Court's assessment, Descoteau's October 2006 Notice of Claim adequately notified VA Togus that Descoteau was claiming to have suffered emotional distress from the time he received notice of his need for follow-up blood testing until he received the results of those blood tests and that this emotional distress was caused by any and all negligent acts by VA Togus that culminated in "this incident." (Def. Ex. 1.) The additional correspondence between Descoteau's counsel and the VA corroborate this conclusion. (See Def. Exs. 3 & 4.) In short, without drawing any conclusions as to the merit or likelihood of success of Plaintiff's Complaint, the Court finds that Descoteau's FTCA claim in this case may include allegations that his emotional distress resulted from negligent care at VA Togus in 2003 and 2006.

Therefore, the Court hereby DENIES the Defendant's Motion for Partial Dismissal (Docket # 5).

SO ORDERED.

                                                    /s/ George Z. Singal
                                                    Chief U.S. District Judge

Dated this 13th day of August, 2008.